JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SACRAMENTO SUPERIOR COURT,<br><br>        Plaintiff,<br><br>    v.<br><br>GREGORY DOWNS,<br><br>        Defendant. | No. CV 19-01339-SJO (JDE)<br><br>ORDER SUMMARILY REMANDING STATE HABEAS CASES |

## I.

## INTRODUCTION

On February 22, 2019, Gregory Downs ("Downs"), a California state prisoner at the California Men's Colony located in San Luis Obispo, California (the "Prison"), proceeding pro se, filed a "Notice of Removal of Action Under 28 U.S.C. § 1441(b)," supported by a Memorandum of Points and Authorities and Exhibits, seeking to remove three state court habeas proceedings initiated by Downs. Dkt. 1 ("Removal Notice").

Downs separately filed: a Request for Appointment of Counsel (Dkt. 2); a "Request Under P.C. 1485.55(F), P.C. 1485.5(A) Declaration of factual

innocence pursuant to Section 851.865(a)" (Dkt. 3); a "Request for Court Order to be Issued to" the Prison (Dkt. 4); a "Request for Temporary Restraining Order" (Dkt. 5); a "Request to Calendar Hearing/Telephone Conference" (Dkt. 10); and a "Fed. Rule 201 Judicial Notice of Adjudicative Facts (E) Cal. Evid. Code 451 Judicial Notice Mandatory Provision (A) Rule 8 Request under P.C. § 1054.9 of Sacramento District Attorney Ann Marie Schubert" (Dkt. 11) (collectively, "Prior Requests").

On March 18, 2019, the assigned United States Magistrate Judge issued an Order to Show Cause (Dkt. 12, "OSC") denying the Prior Requests and directing Downs to show cause why this action should not be summarily dismissed or remanded to state court. On April 8, 2019, Downs requested an extension of time. Dkt. 13. This request was granted, extending the deadline to April 30, 2019. Dkt. 14.

On May 6, 2019, Downs filed a document entitled, "Rule 201," in which he explained that on April 30, 2019, he attempted to send court documents, but the Prison mail room refused to mail the documents. Downs requested that the Court "note this and move the deadline back to May 10, 2019." Dkt. 15. To the extent Downs requests consideration of his documents filed after the April 30, 2019 deadline, this request is granted. On the same date, Downs filed: a "Rule 201 Motion for Sanctions For Failure to Respond to Request For Discovery" (Dkt. 16); a "Rule 201 Req[u]est Under §2246 Request under §2247 Documentary Evidence Request under §2246 Evidence depositions; affidavits" (Dkt. 18); and a "Rule 201 Request For extension of Time Request For Permission under 2246 to take a deposition" (Dkt. 19) (collectively, "Supplemental Requests").

As set forth below, as state habeas proceedings are not removable, this action is remanded to the Sacramento County Superior Court for lack of

subject matter jurisdiction. Further, for the reasons set forth below, the Supplemental Requests are denied.

## II.

## SUMMARY OF PROCEEDINGS AND THE REMOVAL NOTICE

On December 20, 1994, a jury found Downs guilty of kidnap for ransom, first degree burglary, assault with a firearm, extortion, and false imprisonment, and found true a firearm enhancement. Dkt. 1 at 12 (CM/ECF pagination). Downs was sentenced to an indeterminate term of life in prison and a five-year consecutive term for the firearm enhancement. Id. On May 14, 1996, the California Court of Appeal vacated the false imprisonment conviction, but otherwise affirmed. Id. The California Supreme Court denied a Petition for Review on August 28, 1996. Id. As of July 22, 2003, Downs had filed seven state habeas petitions, all of which were denied. Id.

On May 15, 1997, Downs filed a federal habeas petition in the Eastern District of California ("Eastern District"), that, after a stay of proceedings and an amendment, was dismissed as untimely by the Eastern District by order entered July 22, 2003. Dkt. 1 at 11-17. Following an appeal by Downs of the Eastern District's dismissal order (see Dkt. 5 at 5), on March 17, 2006, the Ninth Circuit affirmed the dismissal. Downs v. Hubbert, 171 F. App'x 640, 640-41 (9th Cir. 2006) (unpublished memorandum decision).

The Removal Notice, citing 28 U.S.C. §1441, seeks to remove three cases from the Sacramento County Superior Court, identified as: "October 9, 1996, Judge Cheryl Meegan 96F06345, February 18, 1997 Judge Cheryl Meegan 97F01299, and June 18, 1999 Judge Virga 99F05006." Dkt. 1 at 1. According to the Sacramento County Superior Court Public Case Access Information System, each of these cases are habeas proceedings brought by Downs. See Sacramento Superior Court Public Case Access System, located

online at https://services.saccourt.ca.gov/PublicCaseAccess.[1] (describing each as a "Writ" or "Writ of Habeas Corpus" and indicating an outcome of "Denied" or "Disposed"); see also Dkt. 1 at 15.

### III.
### STATE HABEAS PETITIONS ARE NOT REMOVABLE

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (citation omitted). Generally, removal statutes are strictly construed against removal jurisdiction. Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The removing party bears the burden of establishing federal jurisdiction. Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006) (per curiam); Gaus, 980 F.2d at 567.

Here, 28 U.S.C. § 1441, the basis for removal cited by Downs in his Removal Notice, applies only to removal of a civil action "by the defendant or the defendants." Similarly, 28 U.S.C. § 1446, which sets forth the procedures

---

[1] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

4

for removal, refers only to removal by the "defendant" or "defendants." See 28 U.S.C. § 1446(a)-(g). Thus, a petitioner in a state court habeas petition has "no power to remove his own case. Removal is available only to defendants." Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986) (per curiam); see also In re Walker, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court.").

Leaving aside the many procedural defects in the Removal Notice,[2] a state habeas petitioner cannot remove a state petition to federal court. See Okot, 788 F.2d at 633; see also Magee v. Scribner, 2005 WL 2319152, at *2-3 (E.D. Cal. Sept. 21, 2005) (concluding that the petitioner improperly removed his state habeas cases). The Ninth Circuit's decision in Okot is dispositive in this matter.

In Okot, the petitioner filed a state habeas petition, arguing that he had not made a knowing and voluntary waiver of his rights when he pleaded guilty to an arson charge. He then filed a petition for removal of the case and a motion for writ of habeas corpus in federal court. The district court dismissed the habeas petition without prejudice and denied the petition for removal. 788 F.2d at 632-33.

The Ninth Circuit found that the district court's rationale for denying the removal was "entirely proper," explaining that as the petitioner in the state court proceeding, Okot had no power to remove his own case. By initiating the

---

[2] For example, the Notice of Removal does not include "a copy of all process, pleadings, and orders served upon such defendant . . . in such action" as required by 28 U.S.C. § 1446(a). Further, the Notice of Removal was not filed within 30 days after receipt by defendant of the initial pleading in the state action as required by 28 U.S.C. § 1446(b)(a). In addition, as noted above, only a defendant can remove a civil action under 28 U.S.C. §1441(a).

case in state court, he could not remove it. Rather, as noted, "[r]emoval is available only to defendants." Okot, 788 F.2d at 633. The Ninth Circuit explained, however, that the proper remedy for an improper removal is not a denial, as the district court had done, but a remand to state court. Noting that removal "is accomplished merely by the filing of a verified petition fulfilling the requirements of 28 U.S.C. § 1446," it was not necessary to secure an order from either the federal or state court to complete the removal. Id. Because the denial would be treated as a dismissal, issuing a denial would have the effect of divesting the state court of jurisdiction to proceed with the habeas petition. Id. at 633 n.1.

As in Okot, Downs seeks to remove his own state court habeas cases to federal court. Since Downs is not the defendant in any of these cases, he cannot avail himself of the removal statute. Despite being provided an opportunity to do so, Downs has not provided any authority or explanation supporting a claim that a state habeas petitioner may remove state habeas petitions to federal court. As such, the Court finds that Downs has improperly removed the state court cases.

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In this case, it appears that remand would serve no purpose since the state habeas petitions have concluded. Other district courts have dismissed actions entirely where the state court proceedings have already terminated. See, e.g., Four Aces Mobile Home Estates v. Lundahl, 35 F. Supp. 2d 1337, 1341 (D. Utah 1998) (dismissing action where remand would be futile because the state action was no longer pending); Deutsche Bank Nat'l Trust Co. v. Gomez, 2011 WL 2135219, at *3 (N.D. Cal. May 27, 2011) (dismissing action with prejudice rather than remanding because the state court action was previously dismissed). Nevertheless, out of an abundance of caution and in

6

light of the Ninth Circuit's decision in Okot and the express language of Section 1447(c), the Court shall remand the state habeas actions to the state court. See Albingia v. Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir.) ("section 1447(c) means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed"), amended by 350 F.3d 916 (9th Cir. 2003).

## IV.
## THE SUPPLEMENTAL REQUESTS ARE DENIED

Downs seeks additional evidence pursuant to 28 U.S.C. § 2246, documentary evidence pursuant to 28 U.S.C. § 2247, and sanctions against Sacramento District Attorney Ann Marie Schubert for failing to respond to a discovery request. Dkt. 16, 18, 19. He provides no explanation regarding how any of the information sought would have any bearing on the preliminary jurisdictional issue discussed above. As such, these requests are denied. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (as amended) ("discovery is available only in the discretion of the court and for good cause shown"); Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993) (as amended) ("The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court."); see also Rules 6 (discovery) and 7 (expanding the record) of the Rules Governing Section 2254 Cases in the United States District Courts.

## V.
## ORDER

IT IS THEREFORE ORDERED that Case Nos. 96F06345, 97F01299, and 99F05006 be remanded to the Sacramento County Superior Court.

/ / /

/ / /

IT IS FURTHER ORDERED that Downs's request for leave to file late documents (Dkt. 15) is granted and the remaining Supplemental Requests (Dkt. 16, 18, 19) are denied.

Dated: May 20, 2019.

*S. James Otero*

S. JAMES OTERO
United States District Judge

Presented by:

*John D. Early*

JOHN D. EARLY
United States Magistrate Judge